IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | |
| VOYANT BEAUTY, LLC, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq., to correct unlawful employment practices on the basis of disability and to provide appropriate relief to a qualified individual with a disability, deafness, who was adversely affected by such practices.

As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Voyant Beauty, LLC violated the ADA when it discriminated against one of its employees ("Aggrieved Individual") by rescinding her job offer and/or discharging her because of her disability and/or because of the need to accommodate her disability.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA,

1

42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the Northern District of Illinois.

## PARTIES AND OTHER PERSONS

3. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant Voyant Beauty, LLC ("Voyant") is a corporation headquartered in Illinois.

5. At all relevant times, Voyant has continuously been and is now a corporation doing business in the Northern District of Illinois

6. At all relevant times, Voyant has continuously had and does now have at least fifteen (15) employees.

7. At all relevant times, Voyant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

8. At all relevant times, Voyant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9. At all relevant times and with respect to the employment opportunities at issue in this action, the Aggrieved Individual was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. §12111(8).

## ADMINISTRATIVE PROCEDURES

10. More than thirty (30) days prior to the institution of this lawsuit, EEOC Charge No. 440-2021-02118 was filed with the Commission alleging a violation of Title I of the ADA by Voyant.

11. On June 27, 2023, the Commission issued Voyant a Letter of Determination finding reasonable cause to believe that Voyant violated the ADA by rescinding a job offer to the Aggrieved Individual and/or discharging her.

12. The Commission invited Voyant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13. The Commission engaged in communications with Voyant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

14. The Commission was unable to secure from Voyant a conciliation agreement acceptable to the Commission.

15. On August 8, 2023, the Commission issued to Voyant a Notice of Failure of Conciliation.

16. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

17. Since at least January 2021, Voyant has engaged in and is continuing to engage in unlawful employment practices at its facilities in and around Countryside, Illinois, in violation of

Title I of the ADA, 42 U.S.C. §12112(a) and (b). These practices include but are not limited to rescinding the Aggrieved Individual's job offer and/or discharging her because of her disability and/or because of the need to accommodate her disability. In particular,

   a. The Aggrieved Individual was placed at Voyant by a staffing agency;

   b. The Aggrieved Individual was an employee of Voyant; and

   c. On the Aggrieved Individual's first day of work at Voyant as a production worker, Voyant learned that she was deaf and informed her that because she is deaf, Voyant was ending her employment there.

18. The effect of the practices complained of above has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability and/or because of the need to accommodate her disability, in violation of Title I of the ADA, 42 U.S.C. § 12112.

19. The unlawful employment practices complained of above were and are intentional.

20. The unlawful employment practices complained of above were and are done with malice and/or reckless indifference to the federally protected rights of the Aggrieved Individual.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining Voyant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title I of the ADA.

B. Order Voyant to institute and carry out policies, practices, and programs which provide equal employment opportunities on the basis of disability, and which eradicate the

4

effects of its past and present unlawful employment practices.

      C.      Order Voyant to make the Aggrieved Individual whole by providing appropriate back pay, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including rightful-place reinstatement of the Aggrieved Individual.

      D.      Order Voyant to make the Aggrieved Individual whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

      E.      Order Voyant to make the Aggrieved Individual whole by providing compensation for past and future nonpecuniary losses, resulting from the unlawful employment practices described above, including emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

      F.      Order Voyant to pay the Aggrieved Individual punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

      G.      Order Voyant to pay the Aggrieved Individual prejudgment interest.

      H.      Grant such further relief as the Court deems necessary and proper.

      I.      Grant the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all issues of fact raised by its Complaint that do not relate solely to equitable relief.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M. Street, N.E.
Washington, D.C. 20507

Gregory Gochanour
Regional Attorney

Justin Mulaire
Assistant Regional Attorney

s/Jeanne Szromba
Jeanne Szromba
Sr. Trial Attorney

s/Laurie Elkin
Laurie Elkin
Sr. Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
230 S. Dearborn St., Ste 29220
Chicago, Illinois 60604
312-872-9692